MILLS, J.
The defendant moves upon the minutes for a new trial upon the grounds (1) that the plaintiffs’ deed did not give to them title to the center of Valentine street, but only to the side of the street, and that, the tree which was cut being within the street limits at the outer margin of the sidewalk, the plaintiffs had no title to it; and (2) that a wrong measure of damages was given to the jury by the court in the charge.
The counsel in their briefs have submitted the numerous decisions in this state bearing more or less directly upon the first of these questions. A careful reading of them convinces me that, as stated *1095 by Judge Gray, writing the opinion of the court of appeals in the very recent case of Holloway v. Southmayd, 139 N. Y. 390, 400, 34 N. E. 1047,1052—
“There is great difficulty in reconciling the decisions in this state upon the question of when a description in a deed, which bounds the premises upon (or by) a highway or street, shall be deemed to take in the fee to the center line of the roadbed in front of the premises.”
While the preponderance of authority, or at least judicial expression, in the cases submitted to me seems to favor the affirmative of this question,—that is, that such a description takes in the fee to the center line of the street,—yet I am by no means satisfied that the court of appeals would so decide in reference to such a description as the one contained in the plaintiffs’ deed, where the lot conveyed is situated in a city. It is clear, however, upon general principles, and especially from the decision of the court of appeals in the case just cited, that, whether or not the grantee in such a deed takes the fee to the center of the street, he certainly does take, by virtue of his grant, and as a part of it, the ordinary and usual easements in the street which appertain to property abutting upon the highway. I think that without proof the court may take judicial notice of the well-known fact that one of the ordinary and almost universally recognized uses of the street appertaining to abutting property, at least in small cities like Mt. Vernon, and villages, is the planting and the growth of shade trees in the margin of the sidewalk in front of the premises. Very many village charters have expressly authorized the board of trustees to compel adjoining owners to plant such trees, and it is a fact patent to common observation that such trees exist in the majority of the streets of such localities, at least by the permission, if not by the positive requirement, of the public authorities. The evidence shows that the grantor of the plaintiffs planted this tree, and that when the plaintiffs took their deed the tree was then growing where it now stands. The fair presumption is that it was planted, and has since been maintained, with the consent of the public authorities. The deed to the plaintiffs conveys the premises described, with their appurtenances. Under the circumstances, I think that the shade tree standing in the margin of the sidewalk in front of the lot when the plaintiffs received their deed, having been planted there by their grantor as an ornament to his premises, may be regarded, and ought to be regarded, as an appurtenance to the lot, in precisely the same legal sense as a stone or iron or wood hitching post, if such had been located in the very place where the tree stood, would have been regarded legally as an appurtenance to the premises. I think, therefore, that the property to the tree in law passed to the plaintiffs from their grantor by virtue of the deed by him to them, upon the theory that the tree, under the circumstances, was but an appurtenance to the lot, and that therefore the plaintiffs have shown title in the tree, irrespective of the question whether or not they have shown title in fee to the center of the street.
As to the second question, viz. the measure of damages, it would seem that the case of Dwight v. Railroad Co., 132 N. Y. 199, *1096 30 N. E. 398, should be regarded as conclusive. It plainly authorized the rule as to damages which was given to the jury in the charge. The motion for a new trial is therefore denied.